### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

SHANNON CORINTI, individually
and on behalf of all others similarly
situated,

      Plaintiff,

v.

ASSET PLUS CORPORATION,

      Defendant.

_____/

CASE NO.:


**CLASS ACTION COMPLAINT**

**<u>JURY TRIAL DEMANDED</u>**


### <u>COMPLAINT</u>

Plaintiff Shannon Corinti brings this action on behalf of herself and all others similarly situated against Defendant Asset Plus Corporation.  Defendant is attempting to use the Coronavirus Disease 2019 ("COVID-19") pandemic as a profiteering vehicle to steal college funds from parents and their children throughout Florida.  The Defendant is one of the largest property management companies for college campuses in our country, and despite stay-at-home orders and "social distancing" directives has refused to refund moneys dedicated to campus living, which is effectively closed down.  The Defendant is callously telling parents their children not being at the dorm during this world-wide pandemic is similar to the kids going on "spring-break." Defendant admits their motivation for their position is money, stating they will not refund monies because they have expenses such as "property taxes." If Defendant had their way, the students would remain on top of each other in their crowded dorms which would obviously exacerbate the spread of COVID-19.

Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## FACTS COMMON TO ALL CAUSES OF ACTION

1. This is a class action brought on behalf of all people who paid the costs of room and board and/or attendant service fees for the Spring 2020 academic semester at private dormitories throughout the State of Florida, each managed by Defendant Asset Plus Corporation. Upon the onset of the COVID-19 pandemic, these people lost the benefits of the room and board and/or the services for which they had paid. Defendant has responded to the pandemic and the resultant constructive eviction of its tenants by retaining the unearned costs and fees, implementing a policy whereby it refuses to grant any refunds to its leaseholders.

2. In or around March 2020, Florida colleges and universities announced that, because of the global COVID-19 pandemic, all classes would be moved online for the remainder of the Spring 2020 semester. Students who lived in on-campus housing were told they had to move out or were strongly encouraged to do so, such that they had no meaningful choice but to comply. Further, because all classes were moved online, there was no reason for students to remain near campus if they had other housing available to them. This is particularly so in the face of the dangers, risks, and fear associated with the pandemic. Many students chose to leave campus to be with their families, or to avoid exposure to COVID-19, and they have stayed off campus to comply with directives from the schools, as well as local, state and federal governments. In addition, the services that their fees were intended to cover are no longer available to them.

3. Despite the constructive eviction of students at the schools for the remainder of the semester and ending all campus activities for at least that same time period, Defendant has refused

refunds to students for the unused portion of their room, board, and fees. Defendant is, in essence, profiting from this pandemic.

4.  The decision to transition to online classes and to request or encourage students to leave campus were responsible decisions to make, but it is unfair and unlawful for Defendant to retain unearned fees and costs, passing the losses on to the students and their families. Other higher education institutions across the United States that likewise have switched to e-learning and have similarly requested that its students leave campus have recognized the upheaval and financial harm befalling students and their families from these decisions, and they have provided appropriate refunds. That's the right thing to do. Defendant, unfortunately, has taken the opposite approach.

5.  Accordingly, Defendant has improperly retained monies paid by Plaintiff and the other Class members for room, board, and fees, while otherwise not affording them the benefits for which they paid. Even if Defendant claims that it did not have a choice, it nevertheless has improperly retained funds for services it is not providing. No matter the excuse, Defendant's actions are unlawful and unfair, and equity demands disgorgement of the fees and monies paid.

6.  Plaintiff brings this class action for injunctive, declaratory, and equitable relief, and for any available legal remedies resulting from Defendant's illegal, unfair, or deceptive conduct related to retaining the costs of room, board, and fees paid by Plaintiffs and the other Class members after they (or the students on behalf of whom Plaintiffs and Class members paid these expenses) were made or encouraged to vacate their campus residence to complete the semester.

7.  This lawsuit seeks disgorgement of the prorated, unused amounts of room, board, and fees that Plaintiffs and the other Class members paid, but for which they (or the students on behalf of whom they paid) will not be provided the benefit.

## **PARTIES**

8.  Plaintiff Shannon Corinti is a citizen of Florida, residing in Tampa.  Ms. Corinti is a current guarantor and co-signer for her son's room at SouthGate Campus Centre for the Fall 2019-Spring 2020 academic school year.

9.  Defendant is a Texas corporation headquartered in Houston.  Defendant is the manager of more than 122 "campus living" apartment complexes, which it calls "dormitories," throughout the United States.   Defendant touts itself as "The largest third party property management company in the nation for campus living," https://www.assetliving.com/campus-1, and it operates at least 11 locations in Florida.  Defendant advertises its dormitories to students across the country as an alternative to on-campus living, while offering amenities specifically geared to college students, such as on-site meal plans,[1] housekeeping,[2] monthly resident events,[3] computer labs,[4] shuttle services to the campus,[5] and university involvement.

10. SouthGate Campus Centre, managed by Defendant, is a "student-only private dormitory in Tallahassee, Florida, serving attendees of Florida State University, Tallahassee Community College, and Florida Agricultural and Mechanical University."

11.  Plaintiff executed the lease with Defendant on February 13, 2019, and her son moved into the SouthGate dormitory on July 1, 2019.

12. In June 2019, Plaintiff paid a $200 security deposit, $500 parking fee, and $5,300 for boarding and unlimited meal plan for the Fall 2019 semester.  In December 2019, Plaintiff paid another $5,300 for boarding and an unlimited meal plan for the Spring 2020 semester.

---

[1] https://southgateattallahassee.com/amenities
[2] *Id.*
[3] http://liveuv.com/amenities; https://www.canopygville.com/amenities
[4] http://liveuv.com/amenities; https://www.canopygville.com/amenities; https://4thstreetcommons.com/amenities
[5] https://www.canopygville.com/amenities

13. On March 13, 2020, President Trump issued a Proclamation Declaring a National Emergency COVID-19 outbreak.

14. On March 16, 2020, President Trump and the Center for Disease Control and Prevention ("CDC") issued guidance to slow the spread of the virus, advising individuals of social distancing measures such as avoiding gatherings of more than 10 people, and recommending restrictions for establishments tending  to attract mass gatherings.

15. Between March 18, 2020, and March 20, 2020, three Florida universities served by SouthGate announced that all classes would transition to remote learning through the end of the Spring 2020 semester, canceling all on-campus events due to the COVID-19 pandemic.

16. On March 18, 2020, SouthGate Campus Centre informed students that it would remain open despite the closure of all on-campus activities for its serviced schools, and notwithstanding official recommendations of social distancing and the avoidance of groups of 10 or more people.

17. On March 25, 2020, Plaintiff was informed that the lease was a "binding contract" that would "not be terminated due to illness or extenuating circumstances."  She was further advised that decisions related to room, board and fees for the semester were "being discussed at levels higher than the property level."

18. Despite colleges and universities canceling all on-campus activities and transitioning to remote-only learning, Defendant's dormitories have refused to issue any refunds of the room, board, and fees prepaid by residents at the beginning of the semester.

19. The purpose of the parties contract was to provide housing and services while on campus schooling is in session.  This purpose was frustrated when the campus closed and students no longer attending on-campus classes.

20. Plaintiff continues to suffer imminent harm so long as Defendant refuses to refund any fees prepaid for the Spring 2020 semester.

21. In essence, Defendant is promulgating conduct that would increase the spread of COVID-19 and contradicts directives by local, state and federal governments.

## JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), because this case is a class action where the aggregate claims of all members of the proposed Class are in excess of $5,000,000, exclusive of interest and costs, and most members of the proposed Class are citizens of the state of Florida.

23. This Court has general jurisdiction over Defendant, which conducts substantial business within Florida, and thus has significant, continuous, and pervasive contacts with the State.

24. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the challenged fee practices have been committed in this District, and because Plaintiff suffered the alleged harm in this District.

## CLASS REPRESENTATION ALLEGATIONS

25. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(2), (b)(3) as a representative of the following Class:

> All people who paid the costs of room, board, and fees for and on behalf of students residing in Defendant's Florida "campus living" complexes for the Spring 2020 semester who moved out prior to the completion of the semester because of school closures relating to COVID-19.

26. Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues, as discovery and the orders of this Court warrant.

27. Excluded from the Class are the Defendant, the officers and directors of the Defendant at all relevant times, members of Defendant's immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendant has or had a controlling interest.

28. Plaintiff is a member of the Class she seeks to represent.

29. Defendant has thousands of customers that have paid room, board, and fees while schools were closed and students ordered to return home. Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable. The precise number of Class members and their identities are unknown to Plaintiff at this time, but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

30. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to, whether Defendant has refused to offer refunds and whether it has breached its contracts with its customers or otherwise acted unlawfully.

31. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was charged rental fees and suffered losses despite her son being ordered to leave campus and return home by school and government officials.

32. Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the Class members Plaintiff seek to represent, Plaintiff has retained competent counsel experienced in prosecuting class actions, and Plaintiff intends to prosecute

this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

33. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Florida Consumer Collection Practices Act

34. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

35. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

36. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

37. Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which could reasonably be expected to abuse or harass the debtor Plaintiff or any member of her family.

8

38. Defendant has violated Florida Statute § 559.72(9) by attempting to enforce a debt when Defendant knows that the debt is not legitimate, or to assert the existence of some legal right when Defendant knows that right does not exist.

39. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

<u>COUNT II</u>
**Breach of Implied Covenant of Good Faith and Fair Dealing**

40. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

41. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

42. In performing its leases with Plaintiff and the Class members, Defendant has breached the implied covenant of good faith and fair dealing by:

    a. Unfairly and in bad faith asserting that remaining in private dormitories is a reasonable option for Plaintiff and proposed Class members. Dormitories, whether on or off campus are not designed to safely house students in the event of a pandemic, and, in order to stay safe, a vast majority of the students must move out in order to practice safe social distancing in accordance with CDC recommendations.

    b. Unfairly and in bad faith representing that its properties serve as private dormitories and provide residence life programs to complement students' academics. However, once the schools have closed and the students it purports to serve have been forced to leave, the reality reveals itself that Defendant does not consider its provision of

room, board, and services to be tied whatsoever to the schools or to the students' academics, as it has failed to refund unearned payments for room, board, and fees.

    c.  Unfairly and in bad faith failing to refund any monies paid by the Plaintiff and proposed Class that remain unused as a result of the COVID-19 pandemic.

43. As a result of Defendant's breach of the implied covenant of good faith and fair dealing as set forth above, Plaintiff and the proposed Class members have been damaged.

## COUNT III
**Unjust Enrichment**

44. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

45. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

46. Plaintiff and members of the Class conferred benefits on Defendant by paying room, board, and fees, despite the closing of colleges and universities and attendant recommendations for social distancing and returning home.

47. Defendant has knowledge of such benefits.

48. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' payments.  Retention of those moneys under these circumstances is unjust and inequitable because Defendant is charging its customers full price of a semester's worth or room, board, and fees of which Plaintiff and Class members cannot reasonably avail themselves.

49. Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and members of the Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Class for their unjust enrichment, as ordered by the Court.

**COUNT IV**
**Conversion**

50. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

51. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

52. Defendant deprived Plaintiff and the other members of the Class of the value they paid for themselves (or the students on whose behalf they paid for) of their right to the services and amenities provided in the lease agreement.

53. Plaintiff and members of the Class had a right to a refund of their room, board, and fees while the schools the dormitories catered to were and remain closed; Defendant intentionally refused issuance of any refund or credit after the schools were closed; Plaintiff and Class members were harmed through Defendant's unlawful retention of room, board, and fees; Defendant's conduct was a substantial factor in causing Plaintiff and Class members' harm.

54. Plaintiffs and members of the Class are entitled to the return of the prorated, unused amounts paid for room, board, and fees through the end of the semester.

**COUNT V**
**Money Had and Received**

55. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

56. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

57. Defendant received money in the form of room, board, and fee payments that was intended to be used for the benefit of Plaintiff and the Class; however, those fees were not used for the

benefit of Plaintiff and the Class, and Defendant has not given back or refunded the wrongfully obtained money and fees to Plaintiff and the Class.

## **Prayer for Relief**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.  For an Order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class, and Plaintiff's attorneys as Class Counsel to represent the Class members;

b.  For an Order declaring that Defendant's conduct violates the statutes and laws referenced herein;

c.  For an Order finding in favor of Plaintiff and the Class on all counts asserted herein;

d.  For statutory, compensatory and punitive damages in amounts to be determined;

e.  For prejudgment interest on all amounts awarded;

f.   For an Order of restitution and all other forms of equitable monetary relief;

g.  For injunctive relief as pleaded or as the Court may deem proper; and

h.   For an Order awarding Plaintiff and the Class their reasonable attorneys' fees, litigation  expenses, and costs of suit.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

*Billy Howard, Esq.*

William "Billy" Peerce Howard, Esquire
Amanda J. Allen, Esquire
Heather H. Jones, Esquire
Florida Bar No. 0098228
Florida Bar No. 0103330
Florida Bar No. 0118974
THE CONSUMER PROTECTION FIRM
4030 Henderson Boulevard
Tampa, FL 33629
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Billy@TheConsumerProtectionFirm.com
Amanda@TheConsumerProtectionFirm.com
Heather@TheConsumerProtectionFirm.com

John W. Barrett (pending *pro hac vice* admission)
Raymond S. Franks, II (pending *pro hac vice* admission)
BAILEY & GLASSER LLP
209 Capital Street
Charleston, WV 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
JBarrett@baileyglasser.com
rfranks@baileyglasser.com

***Attorneys for Plaintiff***