## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

SHANNON CORINTI and
ALLISON SANTO individually           Case No.: 4:20-cv-00173-MW-MAF
and on behalf of all others similarly
situated,

      Plaintiff,

v.

ASSET PLUS CORPORATION,

      Defendant.

_____/

## MOTION TO DISMISS FIRST AMENDED COMPLAINT

Defendant, Asset Plus Corporation, pursuant to Federal Rule of Civil

Procedure 12(b)(6), respectfully requests this Court dismiss the First Amended

Complaint ("Amended Complaint"), and states:

### I. SUMMARY OF ARGUMENT

The Amended Complaint suffers from many of the same fatal defects as the

initial Complaint and must be dismissed.  The Amended Complaint presents several

causes of action that are based on Plaintiffs' discontent with Asset Plus's[1] refusal to

_____

[1] The Amended Complaint asserts its claims against Asset Plus, but as the Leases,
including the guaranty agreements, make clear, Asset Plus is not a party to any lease
or guaranty agreement, nor are the Plaintiffs party to the Leases.  *See* Corinti
Housing Contract and Guaranty Agreement and Santo Housing Contract and
Guaranty Agreement, collectively referred to as "Leases", and attached as

force tenants out from the properties it manages and refund monies that were paid for services that are still available. In short, Plaintiffs are suing Defendant for Defendant's alleged compliance with its contractual obligations.

The parties entered into Leases, under which Plaintiffs either prepaid $5,300 to Asset Plus in exchange for "boarding and an unlimited meal plan for the Spring 2020 semester" or agreed to pay monthly installments of $1,130.00. Am. Compl. ¶¶ 15 & 20. Despite Asset Plus's continued performance, Plaintiffs seek a variety of contractual damages that are simply unavailable to them.

Plaintiffs' claims focus on the actions of third parties – the local colleges and universities – over whom Asset Plus has no control. Am. Compl. ¶¶ 2, 25-44. In response to the COVID-19 pandemic, "[s]tudents residing *in on-campus housing* were told to move out or were strongly encouraged to do so, such that they had no meaningful choice but to comply" and others "chose to leave campus to be with their families." Am. Compl. ¶ 28 (emphasis added). The colleges and universities announced a "transition to remote learning through the end of the Spring 2020 semester, canceling all on-campus events due to the COVID-19 pandemic." Am. Compl. ¶ 28.

---

Composite Exhibit A. The Leases are between the tenants, Plaintiffs' children and the Leon County Educational Facilities Authority, and for which Plaintiffs executed a guaranty agreement. Although the allegations against Asset Plus must be taken as true for the purpose of consideration of this Motion to Dismiss, the statements made as to Asset Plus should not be construed to be admissions on the part of Asset Plus.

None of these actions, however, relieve the parties of their respective obligations under the Lease. The Lease obligations and the local post-secondary schools' operations are independent. The Amended Complaint establishes Asset Plus is not affiliated with the local colleges and universities. (Am. Compl. ¶ 11.) ("SouthGate Campus Centre, managed by Defendant, [is a] 'student-only private dormitory in Tallahassee, Florida.'") Moreover, there are no allegations suggesting the Lease automatically terminates upon closure of the local colleges and universities. Instead, most importantly, Plaintiffs concede that Asset Plus has continued to perform its obligations when it announced that "it would remain open." Am. Compl. ¶ 33.

Plaintiffs' claims are not viable as a matter of law. Under Count I, Plaintiffs cannot establish the necessary elements for a rescission cause of action.  In Counts II and III, Plaintiffs cannot establish Asset Plus breached any express terms of the parties' agreement. Counts IV, V and VI must be dismissed as duplicative of one another and are refuted by the allegations in the Amended Complaint that the Defendant continues to perform the obligations pursuant to the Lease. Furthermore, Plaintiffs cannot maintain a claim for unjust enrichment when they acknowledge a valid, written Lease is in effect.  Under Count VII Plaintiffs cannot recover for violations of the Florida Consumer Collection Practices Act ("FCCPA") because there is no outstanding debt owed to Asset Plus by one of the named Plaintiffs.

Finally, Plaintiffs' claims for conversion premised on a contractual debt is insufficient to support such a cause of action and should be dismissed with prejudice.

## II. MEMORANDUM OF LAW

### A. ASSET PLUS IS NOT THE PROPER DEFENDANT UNDER THE PLAINTIFFS' LEASE AGREEMENTS.

Plaintiffs' Amended Complaint should be dismissed with prejudice as the Lease that forms the basis of each of their causes of action is between the specific Plaintiff and Leon County Educational Facilities Authority, not the Defendant as alleged by the Plaintiffs. A true and correct copy of the Lease for each of the Plaintiffs is attached as Composite Exhibit A, and can be considered at the dismissal stage as long as they are "central or integral to the plaintiff's claim, and undisputed." *Reynolds v. Gables Residential Services, Inc.*, 428 F. Supp. 2d 1260, 1263 (M.D. Fla. 2006). As the Plaintiffs liberally quote from the Lease and seek claims for rescission and breach of that contract as well as equitable claims premised on that agreement, it is appropriate to consider the Lease at this stage. Based on the Lease, Asset Plus is not the contracting party, and is not the owner of the facility, as the Plaintiffs allege. When an allegation in a complaint is merely conclusory, as is here, and an exhibit contradicts the allegation, the information in the exhibit is assumed to be true. *Cottrell v. United States Dep't of Educ.*, 430 F. Supp. 3d 1287, 1291 (N.D. Fla. 2019). As such, the Leases which serve as the foundation for Plaintiffs entire Amended Complaint demonstrate there is no contractual privity between the

Plaintiffs and the Defendant, and there are no other factual allegations that demonstrate any relationship between Asset Plus and Plaintiffs. Accordingly, the Amended Complaint should be dismissed.

## B. PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION FOR RESCISSION.

Count I of the Amended Complaint should be dismissed with prejudice as the Plaintiffs cannot establish the necessary elements to support a recession claim. "Under Florida law, a plaintiff must adequately plead six facts in order to state a cause of action for rescission of contract[.]" *Barber v. Am.'s Wholesale Lender*, 542 F. App'x 832, 836 (11th Cir. 2013). A plaintiff must plead: "(1) the character or relationship of the parties; (2) the making of a contract; (3) the existence of fraud, mutual mistake, false representation, impossibility of performance, or other ground for rescission or cancellation; (4) the party seeking rescission had rescinded the contract and notified the other party to the contract of such rescission; (5) the moving party has received benefits from the contract, he should further allege an offer to restore these benefits to the party furnishing them, if restoration is possible; and (6) the moving party has no adequate remedy at law." *Bland v. Freightliner LLC*, 206 F.Supp.2d 1202, 1206 (M.D. Fla. 2002).

### i. Performance of the Contract is neither Impossible nor Frustrated.

Count I should be dismissed because Plaintiffs have not established grounds for rescission. Impossibility of performance "refers to those factual situations, too

numerous to catalog, where the purpose for which the contract was made, have, on one side, become impossible to perform." *Ashraf v. Swire Pac. Holdings, Inc.*, 752 F. Supp. 2d 1266, 1270 (S.D. Fla. 2009).  Frustration of purpose "refers to the condition surrounding the contracting parties where one of the parties finds that the purposes for which he bargained, and which purposes were known to the other party, have been frustrated because of the failure of consideration or impossibility of performance of the other party." *Bland*, 206 F. Supp. 2d at 1208.

Plaintiffs make clear that "the purpose of the contractual undertaking . . . was to provide a 'student-only private dormitory' living arrangement to students . . . ."[2] Am. Compl. ¶ 56 & 59.  That purpose has neither been frustrated nor rendered impossible as Asset Plus continues to perform.  As Plaintiffs acknowledge in their Amended Complaint, SouthGate remains open. Am. Compl. ¶ 33.  More importantly, Plaintiffs allege that Asset Plus was obligated to provide students *access* to common areas, exercise center, dorms activities, and other services, but fails to allege that such services were discontinued.  Am. Compl. 58.  Plaintiffs further allege that access to common areas and amenities was available albeit under different circumstances.  Am. Compl. ¶ 61.  Because Plaintiffs allege that the facility

---

[2] The purpose of the contract was not to ensure that universities stay open, therefore, guaranteeing that Plaintiffs' decision to enter the agreement is financially logical, but rather to provide housing to the student that chose to go to school in the Tallahassee area.  Asset Plus has kept its end of the bargain and continues to provide housing to students that chose to attend school in that area.  (*See* Am. Compl. ¶ 64).

remains open and continues to provide housing, services and amenities, they have failed to properly plead grounds for rescission, and therefore, fail to state a cause of action for rescission.  Thus, Count I should be dismissed.

## ii. The Amended Complaint Does not Allege a Lack of an Adequate Remedy at Law.

Furthermore, Plaintiffs' claim fails as they have alleged adequate remedies at law, as their claim is for money damages, which this Court has routinely found to be an adequate remedy that precludes a rescission claim.  *Hancock Bank v. Boyd Bros., Inc.*, 5:11-CV-132/RS-EMT, 2011 WL 4021406, at *1 (N.D. Fla. Sept. 9, 2011) ("Here, Defendants allege that Plaintiff fraudulently induced and/or used coercion and duress to force Defendants to execute certain lending agreements. Because this case is entirely about money, damages are the appropriate remedy."); *See also Sokolow v. Damico*, 19-CV-80278, 2019 WL 7188563, at *5 (S.D. Fla. Dec. 26, 2019), appeal dismissed, 20-10002-F, 2020 WL 127571 (11th Cir. Jan. 3, 2020) ("Moreover, Plaintiffs have asserted multiple claims for damages, including a breach of contract claim. They have an adequate remedy at law, which independently precludes rescission.").  Finally, Plaintiffs do not allege they have no adequate remedy at law, rather they merely assert that if no adequate remedy at law exists, then rescission would be appropriate.  Am. Compl. ¶ 67.  Such conclusory allegations are insufficient as a matter of law.

### C. PLAINTIFFS' CLAIMS IN COUNTS II AND III FOR BREACH OF CONTRACT AND BREACH OF IMPLIED WARRANTY MUST BE DISMISSED BECAUSE PLAINTIFFS CONTINUE TO HAVE A RIGHT TO USE SOUTHGATE'S SERVICES AND AMENITIES.

Count II should be dismissed because Plaintiffs' breach of contract count fails to allege any breach of any provision of the Lease.  To state a cause of action for breach of contract, Florida law requires that plaintiff must plead (1) a valid contract existed, (2) a material breach occurred, and (3) the plaintiff was damaged by the material breach.  *Glover v. Liberty Mut. Ins. Co.*, 418 F. Supp. 3d 1161, 1171 (S.D. Fla. 2019).

Plaintiffs' allegation that Asset Plus breached the contract "because they are unable to safely provide . . . services and amenities," (Am. Compl. ¶ 70), is insufficient to state a cause of action for breach of contract as it is not a breach under the terms of the contract.  As Plaintiffs point out, the Lease provides that each Plaintiff "*shall have a right to use*, in common with other residents of the community, [the services and amenities].  Am. Compl. ¶ 69 (emphasis added). The Amended Complaint makes clear that the facility, including the common areas, is available for the use of the tenants. Am. Compl. ¶¶ 33 & 61.  Nothing in the lease obligates Asset Plus to provide any minimum number of common areas or amenities—only access to those common areas and amenities that do exist.  Thus, Plaintiffs have not identified any breach of the Lease and Count II should be dismissed.

Likewise, Count III should be dismissed because Plaintiffs have not alleged an express contractual term that was breached by Asset Plus under Count III. "[A]n action for breach of the implied covenant of good faith cannot be maintained in the absence of breach of an express contract provision." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1316 (11th Cir. 1999). "[T]here is no independent cause of action for breach of an implied covenant of good faith and fair dealing." *Trief v. Am. Gen. Life Ins. Co.*, 444 F. Supp. 2d 1268, 1270 (S.D. Fla. 2006); *see Sarria Holdings, Inc. v. Walgreen Co.*, No. 02-23169-CIV., 2003 WL 1528711, at *4 (S.D. Fla. Jan. 31, 2003) (holding that plaintiff failed to state a claim for breach of implied covenant of good faith and fair dealing because it failed to allege any facts indicating the lease was breached).

Moreover, "[t]he duty of good faith does not attach until the Plaintiff can establish a term of the contract that [the service provider] was obligated to perform." *Ins. Concepts & Design, Inc. v. Healthplan Services, Inc.*, 785 So. 2d 1232, 1235 (Fla. 4th DCA 2001). Specific allegations are required because a "good faith requirement does not exist 'in the air.' Rather, it attaches only to the performance of a specific contractual obligation." *Johnson Enter. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1314 (11th Cir.1998) ("Because Telesat had no contractual obligation to offer JEJ 1250 miles of construction work per year, it had no duty to perform such an obligation in good faith."). Conversely, "[a]llowing a

claim for breach of the implied covenant of good faith and fair dealing 'where no enforceable executory contractual obligation' remains would add an obligation to the contract that was not negotiated by the parties." *Ins. Concepts & Design, Inc.*, 785 So. 2d at 1235 (quoting *Hospital Corp. of America v. Florida Med. Ctr., Inc.*, 710 So.2d 573, 575 (Fla. 4th DCA 1998)).

Plaintiffs do not allege Asset Plus breached an express term of the Lease. Plaintiffs claim Asset Plus breached the implied covenant of good faith and fair dealing by: (1) failing to terminate the Lease and demanding tenants vacate the premises Am. Compl. ¶ 73.a.; (2) representing that Asset Plus is a private organization unconnected with the local colleges and universities (Am. Compl. ¶ 73.b.); and (3) failing to refund rent and other amounts that tenants paid for the use and occupancy of premises that remain open and accessible (Am. Compl. ¶ 73.c.). There is no contractual term that requires Asset Plus to take any of the actions Plaintiffs demand. On the other hand, Plaintiffs' claim effectively adds an obligation that was not negotiated under which Asset Plus would have to refund rent and other amounts whenever third parties' actions affect the lessee.

Instead, Count III is based on Asset Plus's compliance with the Lease. Plaintiffs allege that the leased premises remain open and accessible. "On March 18, 2020, SouthGate Campus Centre informed students that it would remain open." (Am. Compl. ¶ 33 and Am. Compl. Ex. A) While Plaintiffs claim they and others

"lost the benefits of the room and board and/or the services for which they paid," there is no allegation suggesting Asset Plus denied Plaintiffs access to the leased premises.

In short, Plaintiffs' allegations are conclusory and contradictory. In essence, Plaintiffs complain that Asset Plus's failure to breach the Lease violates the implied covenant of good faith and fair dealing. If Asset Plus were to immediately terminate the Lease and require tenants to move out under Plaintiffs' timeline, Asset Plus would be in violation of the terms of the Lease and Florida law. Plaintiffs may not wish to reside in the leased premises, but Asset Plus cannot force other tenants out of their units under these circumstances. Indeed, the Florida Governor and the Florida Supreme Court have issued moratoriums on residential evictions, and never required the closure of residential facilities like Southgate Campus Centre. *See* Fla. Exec. Order No. 20-94 (April 2, 2020); and Fla. S. Ct. Admin. Order Nos. AOSC20-17 (Mar. 24, 2020); AOSC20-23, at VII (Apr. 6, 2020).

Plaintiffs are unable to identify any contractual term that Asset Plus breached, which is fatal to their claim. Under these allegations, Plaintiffs cannot maintain a claim for breach of the implied covenant of good faith and fair dealing. Thus, this Court should dismiss Count II.

### D. PLAINTIFFS' FCCPA CLAIM IN COUNT VII FAILS TO STATE A CLAIM.

Count VII should be dismissed because there is no outstanding debt owed for Corinti, and because Santo fails to state a cause of action under the FCCPA. The FCCPA "prohibits certain practices in the collection of consumer debts." *Arianas v. LVNV Funding LLC*, 132 F. Supp. 3d 1322, 1328 (M.D. Fla. 2015). To state a claim under the FCCPA, a plaintiff must allege: (1) plaintiff was the object of collection activity arising from a consumer debt; (2) defendant was a person seeking to collect a debt; and (3) defendant engaged in an act or omission prohibited by the FCCPA. *Deutsche Bank Nat. Tr. Co. v. Foxx*, 971 F. Supp. 2d 1106, 1115 (M.D. Fla. 2013) (dismissing a complaint because plaintiff failed "to describe Defendants' conduct that he claims violated the FCCPA").

The FCCPA outlines various practices that are actionable. § 559.72, Fla. Stat. "In collecting consumer debts, no person shall . . . [w]illfully communicate with the debtor . . . with such frequency as can reasonably be expected to harass the debtor . . . , or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor." § 559.72(7), Fla. Stat. It is also unlawful to "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." § 559.72(9), Fla. Stat.

Corinti cannot establish any of the essential elements of her claim under either Section 559.72(7) or (9). There is no outstanding debt that is due and owing to Asset

Plus. The Amended Complaint establishes Corinti prepaid the amounts due under the Lease. (Am. Compl. ¶¶ 15). The FCCPA does not provide relief to Corinti, who is seeking prorated "refunds of the room, board, and fees prepaid by residents at the beginning of the semester." (Am. Compl. ¶ 18.)

Furthermore, there are no allegations Asset Plus made any efforts – much less unlawful efforts – to collect a debt from Cortinti. *See Ali v. LH All. Inc*., No. 19-CV-61387, 2019 WL 3997124, at *4 (S.D. Fla. Aug. 23, 2019) ("Nevertheless, Ali's FCCPA claim is insufficiently pleaded because she has not alleged facts to plausibly state that Village Square engaged in any acts or omissions prohibited by the FCCPA sufficient to satisfy the third prong."). Asset Plus has not communicated with Corinti in a harassing manner nor has Asset Plus willfully engaged in "other conduct which can reasonably be expected to abuse or harass" Corinti. *See* § 559.72(7), Fla. Stat.. The Amended Complaint simply alleges Asset Plus accepted payments pursuant to the Lease, and Corinti wants a refund. Corinti fails to allege essential elements of her claim.

Santo's FCCPA claim under § 559.72(7) also falls short of the mark. The Federal Rules of Civil procedure require that complaints contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P 8(a)(2). Although detailed factual allegations are not required, "a complaint must contain more than unadorned or conclusory accusations of harm. *Arianas v. LVNV Funding*

*LLC*, 54 F. Supp. 3d 1308, 1310 (M.D. Fla. 2014).  The allegations in the Amended Complaint are nothing more than mere recitations of § 559.72(7) and (9) Florida Statutes, (Am. Compl. ¶¶ 92-3), and conclusory allegations that Asset Plus "is haranguing and harassing [Santo] and her daughter concerning a debt they do not owe."  Am. Compl. ¶ 22.  Such bare allegations are insufficient to state a cause of action under the FCCPA.  *Foxx*, 971 F. Supp. 2d at 1115 (M.D. Fla. 2013) (dismissing a complaint because plaintiff set forth the conduct proscribed by section 559.72 but failed "to describe Defendants' conduct that he claim[ed] violated the FCCPA").  This pleading requirement is even more stringent where there is a legitimate claim to the funds as a result of the breach of the Lease.

Santo and Corinti also fail to state a cause of action under § 559.72(9).  "To plead a FCCPA claim, a party must allege knowledge or intent by the debt collector in order to state a cause of action."  *Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1309 (S.D. Fla. 2009) (quotation omitted).  More importantly, the use of the word "knows" in Fla Stat. ¶ 559.72(9) requires actual knowledge of the impropriety or overreach of a claim.   Neither Corinti nor Santo alleges that Asset Plus knew or intended to collect on a debt that was illegitimate or without legal right.  Rather Plaintiffs acknowledge that Asset Plus indicated to its lessees that it would remain open despite the university closures.  Am. Compl. ¶ 33.  Although Plaintiffs include allegations concerning various governmental and university directives, (Am.

Compl. ¶¶ 25-8 & 38), such directives did not mandate that Asset Plus close its operations and evict students from its premises. Thus, Asset Plus's attempt to collect on Santo's breach of the lease agreement is legitimate, within its full legal right, and, therefore, Count VII should be dismissed.

### E. PLAINTIFFS EQUITABLE CLAIMS IN COUNTS IV, V AND VI SHOULD BE DISMISSED BECAUSE THEY CONTINUE TO ENJOY THE BENEFITS THEY PAID TO RECEIVE.

Counts IV (unjust enrichment), V (conversion), and VI (money had and received) should be dismissed because Plaintiffs continue to enjoy full access to the leased premises and an unlimited meal plan, as they admit in the Amended Complaint. These claims require Plaintiffs to prove that Asset Plus was paid to provide access to a unit and an unlimited meal plan, and Asset Plus retained Plaintiffs' funds without providing these benefits. *See Kelly v. Palmer, Reifler, & Associates, P.A.*, 681 F. Supp. 2d 1356, 1384 (S.D. Fla. 2010) ("To prevail on [a claim for unjust enrichment or money had and received], Plaintiffs must show that (1) they conferred a benefit on the Palmer Law Firm; (2) the firm appreciated such benefit; and (3) acceptance and retention of such benefit by the firm under the circumstances would be inequitable without paying for it."); *Indus. Park Dev. Corp. v. Am. Exp. Bank, FSB*, 960 F. Supp. 2d 1363, 1366 (M.D. Fla. 2013) ("Thus, in order to state a claim of conversion, one must allege facts sufficient to show ownership of the subject property and facts that the other party wrongfully asserted

dominion over that property."). "When a defendant has given adequate consideration to someone for the benefit conferred, a claim of unjust enrichment fails." *Am. Safety Ins. Serv., Inc. v. Griggs*, 959 So. 2d 322, 331–32 (Fla. 5th DCA 2007).

Each of these claims fail as Plaintiffs continue to receive the full benefits under the Lease. Even though Plaintiffs claim they and others are no longer receiving a full "semester's worth [of] room, board, and fees," there are no allegations that Plaintiffs do not have access to the leased premises. SouthGate Campus Centre remains open and accessible to its tenants and continues to provide access to the tenants that remained. Am. Compl. ¶ 33; *see also* Am. Compl., Ex. A. (noting that Southgate is a "home, and not a short term residence" for many students and discussing Southgate's obligations to provide residential services to those students choosing to remain on the premises. Plaintiffs have not alleged that Asset Plus has denied Plaintiffs boarding or an unlimited meal plan.

Furthermore, the claims for unjust enrichment and money had and received are duplicative of one another. *A&M Mgmt. Inc. v. Deme*, No. 18-63099-CIV, 2019 WL 7344821, at *5 (S.D. Fla. May 14, 2019) ("The Court agrees with Oberon and James that Plaintiffs' claim for money had and received is due to be dismissed as duplicative of their unjust enrichment claim."). These claims require the same proof,

and seek the same relief. For these reasons, this Court should dismiss these extra contractual counts.

### F.  THE VALID LEASE PRECLUDES RELIEF UNDER COUNT IV.

The unjust enrichment claim further fails as Plaintiffs acknowledge the validity of the Lease. Am. Compl. ¶¶ 12 & 16. Only if no express contract exists, may a party recover under quasi-contract or unjust enrichment. *Am. Safety Ins. Serv., Inc. v. Griggs*, 959 So. 2d 322, 331–32 (Fla. 5th DCA 2007). The court may dismiss with prejudice an unjust enrichment claim where there is no dispute that a valid contract exists between the parties. *Degutis v. Fin. Freedom, LLC*, 978 F. Supp. 2d 1243, 1266 (M.D. Fla. 2013) (dismissing an unjust enrichment claim with prejudice as "Plaintiff does not contest that there was a valid mortgage contract between the Parties. Thus, Plaintiffs' claim for unjust enrichment fails."); *Wilson v. EverBank, N.A.*, 77 F. Supp. 3d 1202, 1220 (S.D. Fla. 2015) (dismissing an unjust enrichment claim with prejudice because, "[w]hile Plaintiffs are entitled to plead in the alternative, they cannot dispute the authenticity of documents they submit to the Court for consideration and which are fundamental to their claims.").

Plaintiffs' concession that a valid contract exists between the parties is fatal to their claim. Plaintiffs acknowledge there is a valid, binding Lease between the parties. Indeed, Plaintiffs believe that one of the common questions of law and fact

this Court will answer is "whether [Asset Plus] has refused to offer refunds and whether it has breached its contracts with its customers." Am. Compl. ¶ 50.)

Under these allegations, Plaintiffs have not pled a cognizable cause of action. For these reasons, this Court should dismiss Count IV with prejudice.

### G. PLAINTIFFS CANNOT RECOVER CONTRACTUAL RELIEF UNDER A CONVERSION CLAIM.

Plaintiffs may not convert a contract-based claim into a tort action for conversion. "It is well-established law in Florida that a simple debt which can be discharged by the payment of money cannot generally form the basis of a claim for conversion or civil theft." *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008) ("At the time that International Trading received the funds, it had every right to do with them as it pleased. Accordingly, as a matter of law, there was no conversion."). "To be a proper subject of conversion each coin or bill need not be earmarked, but there must be an obligation to keep intact or deliver the specific money in question, so that such money can be identified." *Belford Trucking Co. v. Zagar*, 243 So. 2d 646, 648 (Fla. 4th DCA 1970). An "action in tort is inappropriate where the basis of the suit is a contract, either express or implied." *Id.*

Thus, Plaintiffs' claim for conversion should be dismissed with prejudice.

## <u>Certificate of Compliance with Local Rule 7.1(F)</u>

The undersigned certifies the Memorandum of Law contains 4,422 words.

WHEREFORE, Asset Plus respectfully requests this Court dismiss the First

Amended Complaint filed by Plaintiff.

Respectfully submitted on this 12th day of June, 2020.

*/s/ George T. Levesque*
George T. Levesque
Florida Bar No. 555541
Jason Zimmerman
Florida Bar No. 104392
Allison Goodson
Florida Bar No. 44030
GrayRobinson, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32301
Telephone: 850-577-9090
Facsimile: 850-577-3311
george.levesque@gray-robinson.com
jason.zimmerman@gray-robinson.com
allison.goodson@gray-robinson.com
madison.harrell@gray-robinson.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 12, 2020, the foregoing was filed with the Court's CM/ECF system which will serve a copy via email on the following co-counsel for Plaintiff, Shannon Corinti:

| | |
|---|---|
| William Peerce Howard | John Barrett |
| Amanda J. Allen | Raymond Franks II |
| Heather Jones | Bailey & Glasser, LLP |
| The Consumer Protection Firm | 209 Capital St. |
| 4030 Henderson Blv. | Charleston, WV 25301 |
| Tampa, FL 33629 | jbarrett@baileyglasser.com |
| billy@theconsumerprotectionfirm.com | rfranks@baileyglasser.com |
| amanda@theconsumerprotectionfirm.com | |
| heather@theconsumerprotectionfirm.com | |

/s/ *George T. Levesque*
George T. Levesque
Florida Bar No. 555541
GRAYROBINSON, P.A.